<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SAMMY RAMOS, | : | |
| | : | Civil Action No. 15-6960 (MAS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

<u>SHIPP, District Judge</u>

This matter comes before the Court upon the appeal of Sammy Ramos ("Plaintiff" or "Mr. Ramos") from the final decision of Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Defendant"), denying his request for benefits. (ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the Court affirms the decision of the Administrative Law Judge ("ALJ").

I.     <u>BACKGROUND</u>

   A.     **Procedural History**

   Plaintiff filed applications for disability insurance benefits and supplemental security income on September 6, 2013, alleging disability beginning May 1, 2013. (Administrative Transcript ("Tr.") 201-12.)[1] At the hearing, Plaintiff amended his alleged onset date to March 29, 2011. (*Id.* at 47.) Plaintiff, a 45-year-old man on the amended alleged disability onset date, claimed

---

[1] The Administrative Transcript is located at ECF Nos. 7-1 through 7-9. This Memorandum Opinion will cite to the actual page numbers of the Administrative Transcript.

disability based on injuries sustained in an accident to his neck, back, hips, and arms. (*Id.* at 244.) Plaintiff's application was denied initially and on reconsideration. (*Id.* at 124-29, 133-38.) The ALJ conducted an administrative hearing on October 31, 2014. (*Id.* at 162-87.) During the hearing, the ALJ received testimony from a vocational expert ("VE") and Plaintiff's attorney had the opportunity to question the VE. (*Id.* at 68.) The ALJ's March 27, 2015 decision found that Plaintiff was not disabled. (*Id.* at 22-36.) The Appeals Council denied Plaintiff's request for review on July 17, 2015 (*id.* at 1-5), and Plaintiff filed the instant appeal on September 18, 2015 (Compl., ECF No. 1).

### B.      The ALJ's Decision

In a March 27, 2015 decision, the ALJ first set forth the Social Security Administration's five-step sequential process for determining whether an individual is disabled. (Tr. 23-24.) The ALJ next found that Plaintiff met the requirements of insured status through December 31, 2016. (*Id.* at 24.) As to the first step of the sequential process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 1, 2013, the alleged onset date.[2] (*Id.*) At step two of the analysis, the ALJ found that Plaintiff had the severe impairments of "degenerative disc disease of the cervical and lumbar spines; osteoarthritis of the upper and lower extremities; carpal tunnel syndrome; anxiety; and depression." (*Id.* at 25.)

At step three, the ALJ determined that none of Plaintiff's impairments met or medically-equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

---

[2] As previously indicated, during the hearing Plaintiff amended the alleged onset date to March 29, 2011. However, even if the May 1, 2013 alleged onset date constitutes error, the Court finds the error harmless as the ALJ's decision contains a thorough analysis of the evidence from March 29, 2011 through the date of the decision.

> perform sedentary work (lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand/walk 2 hours in an 8-hour day; and sit 6 hours in an 8-hour day). He can perform all postural functions only occasionally. He could frequently handle and finger. He can understand, remember, and carry out simple instructions on a sustained basis. He can handle only occasional changes to essential job functions.

(*Id.* at 27.) At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 34.) He stated that Plaintiff was "a younger individual age 18-44" on the alleged disability onset date and subsequently changed to "a younger individual age 45-49." (*Id.*) The ALJ next stated that Plaintiff had at least a high school education and was able to communicate in English. (*Id.*) The ALJ found that transferability of job skills was not an issue because "using the Medical-Vocational Rules as a framework support[ed] a finding" that Plaintiff was "'not disabled,' whether or not [Plaintiff] had transferable job skills." (*Id.*)

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the economy that Plaintiff could perform. (*Id.* at 35.) In determining the extent to which Plaintiff's non-exertional limitations eroded the unskilled sedentary occupational base, the ALJ considered testimony from a VE. (*Id.*) The VE testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations such as Preparer, Table Worker, and Scale Operator. (*Id.* at 35.) Accordingly, the ALJ found that Plaintiff had not been under a disability from May 1, 2013 through the date of the decision. (*Id.*)

## II.   LEGAL STANDARDS

### A.   Standard of Review

On appeal from the final decision of the Commissioner of the Social Security Administration, a district court "shall have [the] power to enter, upon the pleadings and transcript

of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The decision is reviewed by the Court and must be upheld if it is "supported by substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is more than a "mere scintilla." *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). Substantial evidence, however, "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

### B.    Establishing Disability

In order to be eligible for disability benefits, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that he has not engaged in any "substantial gainful activity" since the onset of his alleged

4

disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). The claimant bears the burden of establishing the first two requirements, and failure to satisfy either automatically results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

If the first two steps are satisfied, the third step requires the claimant to provide evidence that his impairment is equal to one of those impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(d). Furthermore, if the claimant demonstrates that he suffers from a listed impairment or that his severe impairment is equal to a listed impairment, he is presumed to be disabled and is automatically entitled to disability benefits. *Id.* If he cannot so demonstrate, the eligibility analysis proceeds to step four.

The fourth step of the analysis requires the ALJ to determine whether the claimant's RFC permits him to resume his previous employment. 20 C.F.R. § 404.1520(e). If the claimant can perform his previous line of work, then he is not "disabled" and not entitled to disability benefits. 20 C.F.R. § 404.1520(f). If the claimant is unable to return to his previous work, the analysis proceeds to step five.

At step five, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with his medical impairments, age, education, past work experience, and RFC. 20 C.F.R. § 404.1520(g); *see Palmer v. Comm'r of Soc. Sec.*, 410 F. App'x 490, 492 (3d Cir. 2011). If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits.

## III.    DISCUSSION

Plaintiff argues that the ALJ failed to conduct a full RFC assessment. (Pl.'s Moving Br. 46-54.) Plaintiff specifically asserts that the ALJ: (1) relied on the opinions of Dr. Bhatnagar, Plaintiff's treating surgeon, regarding surgical candidacy for the lumbar spine and the ability to work; (2) discredited his statements concerning the intensity, persistence, and limiting effects of his impairments based on Plaintiff's reports that he looked for work; and (3) found that Plaintiff attending church, driving, performing errands, spending time with family watching television and listening to music for several hours per day supported his RFC findings. (*Id.* at 50-54.) Plaintiff additionally argues that the ALJ should not have found him capable of sedentary work. (*Id.* at 54-56.) Plaintiff maintains that "[h]is complaints of pain to *all* treating physicians certainly suggest a greater severity of impairment than the objective medical evidence alone and the medical evidence supports significant deficits in attention and concentration due to frequent ruminations of pain complaints." (*Id.* at 56.) The Court does not find Plaintiff's arguments persuasive.

An ALJ is required to look at the medical evidence and make "reasonable conclusions about the intensity and persistence of [claimant's] symptoms and the effect those symptoms, such as pain, may have on [the claimant's] ability to work." 20 C.F.R. § 404.1529. The ALJ cannot reject subjective claims simply because they are not substantiated by medical evidence; the ALJ is also required to look at information provided by a claimant about his pain. *Id.* The ALJ must follow a two-step process for evaluating pain: first, whether there is a medical impairment that could reasonably be expected to produce the pain; and second, an evaluation of the symptoms to determine if they limit the claimant's ability to work. SSR 96–7p. Additionally, the Court "defers to an ALJ's [credibility] determination because the ALJ is present at the hearing and can assess a [plaintiff's] demeanor." *Ochs v. Comm'r of Soc. Sec.*, 187 F. App'x 186, 190-91 (3d Cir. 2006).

Notably, "it is well within the discretion of the Secretary to evaluate the credibility of a plaintiff's testimony and to render an independent judgment in light of the medical findings and related evidence regarding the true extent of such disability." *Alexander v. Shalala*, 927 F. Supp. 785, 795 (D.N.J. 1995). It is not necessary to "undertake an exhaustive discussion of all the evidence" where the court can determine "that there is substantial evidence supporting the Commissioner's decision." *Hernandez v. Comm'r of Soc. Sec.*, 89 F. App'x 771, 773-74 (3d Cir. 2004).

The ALJ in this case engaged in a detailed discussion regarding the evidence in the record, including Plaintiff's hearing testimony, medical and psychological conditions, medical and psychological records, activities of daily living, and subjective complaints of pain. (Tr. 24-33.) The ALJ noted that Plaintiff was injured on the job on March 29, 2011, missed three days of work then continued to work through October 2011 when he was laid off, searched for employment after he was laid off, and received unemployment benefits that ended in 2013. (*Id.* at 24-29.)

The ALJ also discussed various medical tests Plaintiff underwent, including: December 13, 2011 MRIs of lumbar and cervical spine; a January 3, 2012 EMG study; an October 17, 2012 MRI; and June 4, 2013 and May 16-17, 2014 X-rays. (*Id.* at 25, 29-30.) In addition, the ALJ discussed Plaintiff's medical procedures, including: February 24, 2012 right carpal tunnel release; epidural injections on February 2, April 19, May 17, June 14 and July 19, 2012; and a November 14, 2012 cervical fusion and discetomony. (*Id.* at 29-30.) In addition, the ALJ's decision reflects his consideration of treatment records, including: physical therapy records from March through May 2012 and December 2012 through February 2013; and the progress notes of Dr. Bhatnagar. (*Id.*) Dr. Bhatnagar stated on March 12, 2013 that Plaintiff could "pretty much resume any previous activity he would like." (*Id.* at 25.) Dr. Bhatnagar additionally stated that Plaintiff could return to

work full-duty. (*Id.* at 30.) Accordingly, the Court finds that the ALJ properly weighed and considered Dr. Bhatnagar's opinions.[3]

The record also reflects that the ALJ carefully considered Plaintiff's statements concerning the intensity, persistence and limiting effects of his impairments, as contained in his hearing testimony and other evidence in the record. While the ALJ discussed Plaintiff's reports that he looked for work (*id.* at 29, 33), and Plaintiff's activities such as attending church, spending time with his family and listening to music (*id.* at 31), the ALJ did not attribute an inappropriate amount of weight to them as asserted by Plaintiff. Rather, the ALJ discussed these factors in conjunction with his analysis of the other evidence of record. (*Id.* at 24-34.) Furthermore, the ALJ's determination that Plaintiff is capable of sedentary work is also supported by substantial evidence. The Court is not persuaded by Plaintiff's arguments to the contrary.

## IV.    CONCLUSION

The Court finds that the ALJ adequately considered and weighed the evidence in the record and that the ALJ's decision was supported by substantial evidence. For the reasons set forth above, the Court affirms the decision of the ALJ. The Court shall issue an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated:   September 30, 2016

---

[3] Following an analysis of Plaintiff's physical impairments, the ALJ engaged in an analysis of Plaintiff's mental impairments. (Tr. 31-33.) The ALJ found that Plaintiff has depression and anxiety, which appears to be secondary to his pain and unemployment. (*Id.* at 33.) The Court is not inclined to summarize in detail the ALJ's analysis of Plaintiff's mental impairments. The Court finds that the ALJ's determinations with respect to Plaintiff's mental impairments were also supported by substantial evidence.